UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

TRAVELERS CASUALTY & SURETY CO OF AMERICA     CASE NO. 6:22-CV-00690

VERSUS     JUDGE ROBERT R. SUMMERHAYS

KARL BROUSSARD     MAGISTRATE JUDGE DAVID J. AYO

REPORT AND RECOMMENDATION

Before the Court is a motion to dismiss or for more definite statement filed by defendant Karl Broussard ("Defendant" or "Broussard"). (Rec. Doc. 14). Plaintiff Travelers Casualty & Surety Company of America ("Plaintiff" or "Travelers") opposed the motion (Rec. Doc. 17). Defendant filed a reply in support of his motion. (Rec. Doc. 18). The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636. Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that the motion(s) before the Court be GRANTED in part and DENIED in part as specified herein.

**Factual Background**

Broussard was employed as the Chief Executive Officer ("CEO") of Hospice of Acadiana ("HOA") from January 1, 2016 until June 7, 2021.[1] In October of 2020 HOA hired an in-house Chief Financial Officer ("CFO") whose duties included review of HOA's American Express credit account from 2018 until 2020.[2] HOA determined that Broussard made unauthorized charges to its American Express account, to wit, charging personal expenses and concealing this activity by deceptive recordkeeping.[3] Broussard resigned his position with HOA on or about June 7, 2021.[4]

---

[1]     First Amended Complaint (Rec. Doc. 4) at ¶ 15.
[2]     *Id.* at ¶ 18.
[3]     *Id.* at ¶¶ 19-20.
[4]     *Id.* at ¶ 21.

Travelers issued a Crime Insurance Policy, No. 107254495 ("Policy") in favor of HOA, effective May 2, 2021 to May 2, 2022.[5] HOA filed a claim against the Policy in the amount of $518,691.65, representing losses incurred as a result of Broussard's unauthorized American Express activity.[6] Travelers resolved HOA's claim by payment of $508,591.65.[7] In conjunction with Travelers' payment on HOA's claim, HOA executed a "Release and Assignment" in favor of Travelers transferring and assigning its "claims, rights, demands and causes of action against all persons, firms or corporations whomsoever arising out of" its claim.[8]

Travelers filed the instant suit on March 11, 2022 naming Broussard as the sole defendant and seeking damages in the sum of $518,691.95 and all other legal and equitable relief available to it.[9] Travelers amended its complaint on March 25, 2022 and now asserts five claims against Broussard.[10]

## Applicable Standard(s)

When considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. Rule 12(b)(6), the district court must limit itself to the contents of the pleadings, including any attachments thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). The court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). However, conclusory allegations and unwarranted deductions of fact are not accepted as true, *Kaiser Aluminum &*

---

[5] *Id.* at ¶ 10.
[6] *Id.* at ¶ 17.
[7] *Id.* at ¶ 22.
[8] *Id.* at ¶ 23.
[9] Rec. Doc. 1.
[10] Rec. Doc. 4, generally.

*Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974)); *Collins v. Morgan Stanley*, 224 F.3d at 498. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 127 U.S. at 570. The allegations must be sufficient "to raise a right to relief above the speculative level," and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)). "While a complaint . . . does not need *detailed* factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations, quotation marks, and brackets omitted; emphasis added). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the plaintiff fails to allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Bell Atlantic v. Twombly*, 127 U.S. at 570.

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678. "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim." *Lormand v. US Unwired,*

3

*Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atlantic v. Twombly*, 127 U.S. at 556). *See also In Re Southern Scrap,* 541 F.3d 584, 587 (5th Cir. 2008).

Ordinarily, in ruling on a Rule 12(b)(6) motion, the Court is limited to the allegations of the complaint and any exhibits attached thereto; however, the court may also consider documents attached to the defendant's motion if they are referenced in the complaint and central to the plaintiff's claims. *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir. 2007). The Court is also permitted to take judicial notice of public records as well as facts which are not subject to reasonable dispute in that they are either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *Funk v. Stryker Corp.,* 631 F.3d 777, 783 (5th Cir. 2011).

Rule 8(a) of the Federal Rules of Civil Procedure requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Pursuant to Rule 8(a), a complaint will be deemed inadequate only if it fails to (1) provide notice of the circumstances that gave rise to the claim, or (2) set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist. *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999) (citing *General Star Indemnity, Co. v. Vesta Fire Ins. Corp.*, 173 F.3d 946, 950. (5th Cir. 1999). A motion for more definite statement, under Rule 12(e) of the Federal Rules of Civil Procedure, is appropriate "[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Thus, when a complaint is so vague or ambiguous that the defendant cannot reasonably prepare a response, the defendant is permitted to file such a motion.

Motions for a more definite statement are "generally disfavored" and are "granted sparingly." § 1377 Motion for a More Definite Statement—Current Practice Under Rule 12(e),

5C Fed. Prac. & Proc. Civ. § 1377 (3d ed.). Although a party may employ Rule 12(e) to enforce the minimum requirement of Rule 8's notice pleading, Rule 12(e) is not a substitute for discovery and should not be granted when the defendant is complaining about matters that can either be clarified or developed during discovery. Indeed, "a motion for a more definite statement will not be granted where the moving party can reasonably respond to the non-movant's pleading, but wants the non-movant to plead additional information that could otherwise be later gained through discovery." *Brown v. Maxxam, Inc.*, No. 90–1468, 1991 WL 13918, at *2 (E.D. La. Jan. 28, 1991), *affirmed*, 993 F.2d 1543 (5th Cir. 1993) (citing *Mitchell v. E-Z Way Towers*, Inc., 269 F.2d 126, 132 (5th Cir. 1959)).

When a party moves for a more definite statement, the court is afforded discretion to determine whether the complaint is such that a party cannot reasonably be required to frame a responsive pleading. *Mitchell v. E–Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959).

## Analysis

### I. Prescription of claims

Broussard seeks dismissal of all claims against him in this suit based on Louisiana's law of prescription. Broussard alleges Travelers' claims arising from alleged conduct prior to March 11, 2019 are governed by La. R.S. 12:1502(C) and (D). Subsection (C) provides for a three-year liberative prescriptive period in all actions for negligent breach of fiduciary duty against "any officer, director, shareholder, member, manager, general partner, limited partner, managing partner, or other person similarly situated" who is employed by any "business organization formed under the laws of this state." Subsection (D) concerns claims against such persons for intentional breach of fiduciary duty and applies a three-year liberative prescriptive period as well. This Court reads Travelers' complaint as stating claims against Broussard for intentional breach of fiduciary duty by theft of funds. (Rec. Doc. 1). Broussard further seeks dismissal of Travelers' claims for

5

breach of fiduciary duty and unjust enrichment pursuant to "the one (1)-year prescriptive period set forth in § 1502(C)." (Rec. Doc. 14 at ¶ 4).

As argued by Broussard, Louisiana law of statutory construction requires that, where two statutes deal with the same subject matter and harmonization is not possible, the statute more specifically addressing the matter at issue is to be applied. *Arabie v. CITGO Petroleum Corp.*, 89 So. 3d 307, 312-13 (La. 2012) (quoting *McGlothlin v. Christus St. Patrick Hospital*, 65 So. 3d 1218, 1228-29 (La. 2011)). Title 12 of Louisiana's Revised Statutes addresses "Corporations and Associations" and is further subdivided into 27 chapters. La. R.S. 12:1502 is found within Chapter 24, entitled "Prescriptive Periods Applicable to Business Organizations." La. R.S. 12:1501 provides that § 1502 is applicable to "all business organizations defined in La. R.S. 12:1502(B), which provides

> [t]he term "business organization" includes any entity formed under the laws of this state engaged in any trade, occupation, profession, or other commercial activity including but not limited to professions licensed by a state or other governmental agency. This Section shall apply without limitation to corporations, incorporated or unincorporated associations, partnerships, limited liability partnerships, partnerships in commendam, limited liability companies, or cooperative associations or other entities formed under the laws of this state.

Chapter 2, entitled "Nonprofit Corporation Law" is, as stated, a dedicated chapter of statutes pertaining to nonprofit corporations. La. R.S. 12:226(A) affirms the fiduciary duty owed by officers and directors of nonprofit corporations. Subsection (B) provides a cause of action against any officer or director who breaches the fiduciary duty owed to a nonprofit corporation. Subsections (C) and (D) pertain to specific forms of fiduciary breach, including improper issuance of shares and purposeful voting for any unlawful distribution to members. Subsection (D) provides for a two-year liberative prescriptive period for actions against nonprofit officers or directors based on improper distribution of or purchase of shares.

In *Hodge v. Babin*, 2018 WL 6717012 (La. App. 1 Cir. 12/21/2018), the Louisiana First Circuit Court of Appeals considered the argument advanced by Broussard in this case: that a claim for breach of fiduciary duty against a nonprofit officer or director is governed by La. R.S. 12:1502(D). *Hodge* involved a claim for breach of fiduciary duty against an officer of a nonprofit homeowners association. The appellate court rejected the application of § 1502(D), noting that the definition of "business organization" is not properly interpreted to include nonprofit corporations. Contrary to Broussard's rebuttal, this Court does not find the *Hodge* court based its finding as to this issue on the details of the homeowners association's functions, but instead on its status as a nonprofit entity, i.e. one not conducted to make a profit. *Id.* at * 4 (citing Black's Law Dictionary (10th ed. 2014)). The Louisiana First Circuit went on to determine that a claim for breach of fiduciary duty is a personal action governed by Louisiana's ten-year liberative prescriptive period under La. Civ. C. Art. 3499.

In the instant case, Travelers alleges an intentional breach of fiduciary duty against Broussard by theft of HOA funds using a credit account. (Rec. Doc. 1 at ¶ 28). As in *Southern University System Foundation v. Slaughter*, 2014 WL 4374099 (La. App. 1 Cir. 9/4/2014) *writ denied*, 158 So.3d 816 (La. 2015), the allegations of the complaint do not involve alleged unlawful payments resulting from a vote by the directors of this nonprofit. Accordingly, Louisiana's ten-year liberative prescriptive period for personal actions under La. Civ. C. Art. 3499 applies to Travelers' claims by application of La. R.S. 12:226(A). *Slaughter* at *5 (internal citations omitted).

Considering the foregoing, this Court rejects Broussard's arguments of prescription under La. R.S. 12:1502 (C) and (D) and will recommend Defendant's motion to dismiss be denied as to prescription.

## II. Unjust enrichment

La. C. C. Art. 2298 provides a cause of action against "[a] person who has been enriched without cause at the expense of another person" when the law provides no other remedy or does not declare a contrary rule. Cases interpreting Art. 2298 enumerate five elements that a plaintiff must prove by a preponderance of the evidence: (1) an enrichment; (2) an impoverishment; (3) a connection between the enrichment and the impoverishment; (4) an absence of cause or justification for the enrichment and impoverishment; and (5) no other remedy at law. *USA Disaster Recovery, Inc. v. St. Tammany Parish Government*, 145 So. 3d 235, n. 1 (La. 2013) (citing *Edwards v. Conforto*, 636 So. 2d 901 (La. 1993)), *Minyard v. Curtis Products, Inc.*, 205 So. 2d 422 (La. 1967).

Broussard seeks dismissal of Travelers' unjust enrichment claim based on the availability of other remedies at law. Specifically, Broussard points out that Travelers' amended complaint asserts claims against him for conversion, fraud, breach of fiduciary duty and breach of contract, in addition to unjust enrichment.

Broussard's motion asks this Court to take judicial notice of HOA's status with the Louisiana Secretary of State's business registry, in which HOA is listed as a "nonprofit corporation."[11] La. R.S. 12:226(A) charges officers and directors of nonprofit corporations with a fiduciary duty to the corporation and its members, instructing that such officers and directors "discharge the duties of their respective positions in good faith, and with that diligence, care, judgment and skill which ordinarily prudent men would exercise under similar circumstances in like positions." Section 226(A) provides a cause of action against an officer or director of a

---

[11] Rec. Doc. 14-1 at p. 12, n. 4 citing
https://coraweb.sos.la.gov/commercialsearch/CommercialSearchDetails.aspx?CharterID=255037_EE512EC320

nonprofit corporation for breach of fiduciary duty. *Mary v. Lupin Foundation*, 609 So. 2d 184, 188 (La. 1992). Accordingly, at least one other remedy is provided under the law.

This Court notes that Louisiana law is settled in its view that the fact that a plaintiff does not successfully pursue another available remedy does not make such remedy "unavailable" as it relates to unjust enrichment. *Walters v. MedSouth Record Mgmt., LLC*, 38 So. 3d 243, 244 (La. 2010). Accordingly, this Court rejects Travelers' argument in favor of preserving its unjust enrichment claim pending further development of this case and will recommend dismissal of this claim. (Rec. Doc. 17 at pp. 2-3).

### III. Breach of contract

Broussard seeks dismissal of Travelers' claims for breach of contract on the basis that Travelers fails to identify the particular contractual provisions Broussard is alleged to have breached. Travelers' amended complaint alleges Broussard was employed by HOA pursuant to an employment contract.[12] Travelers further alleges that

> every contract contains an implicit covenant of good faith and fair dealing...Mr. Broussard breach the implicit covenant of good faith and fair dealing in his employment contract with HOA, by intentionally misleading and deceiving HOA for his own financial gain.[13]

As recently noted by the Louisiana Supreme Court, " 'the existence of a contract between the parties is not determinative.' " *DePhillips v. Hospital Service District No. 1 of Tangipahoa Parish*, 340 So. 3d 817, 825 (La. 2020) (internal citations omitted). " '[U]nless a specific contract provision is breached, Louisiana torts typically treat the action as a tort.' " *Id.*, quoting *Richard v. Wal-Mart Stores, Inc.*, 559 F.3d 341, 345 (5th Cir. 2009).

---

[12] Rec. Doc. 4 at ¶ 15.
[13] *Id.* at ¶¶ 40-41.

9

Travelers' amended complaint conflates the general obligation of good faith in performance of contracts with a basis for breach of contract, which must derive from a contractual obligation. Louisiana law does not recognize a breach of contract claim arising from the general law of obligations. La. C.C. Arts. 1759, 1983; *Favrot v. Favrot*, 68 So. 3d 1099, 1107 (La. App. 4 Cir. 2011).

As Travelers referred to the contract of employment in its complaint, this Court will recommend that it be permitted to amend its complaint to reform its breach of contract claim, if it so desires. To the extent Travelers' breach of contract claim is based upon the above-cited general duty of good faith in the performance of contracts, this Court will recommend dismissal of that portion of the claim.

**IV.    Fraud**

Under Louisiana law, fraud is a "misrepresentation or suppression of the truth made with the intention to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other…[and] may result from silence or inaction." La. Civ. C. Art. 1953. The requisite elements of a fraud claim are: "(1) a misstatement or omission; (2) of material fact; (3) made with the intent to defraud; (4) on which the plaintiff relied; and (5) which proximately cause the plaintiff's injury." *First Am. Bankard, Inc. v. Smart Bus. Tech., Inc.*, 178 F. Supp. 3d 390, 401 (E.D. La. 2016) (quoting *Williams v. WMX Techs.*, 113 F.3d 175, 177 (5th Cir. 1997)). Fed. R. Civ. P. 9(b) requires that "all claims of fraud be pled with particularity, including 'time, place, and contents of the false representations, as well as the identity of the person making the misrepresentations and what he obtained thereby." *Id.* (quoting *Tel-Phonic Services, Inc. v. TBS International, Inc.*, 975 F.2d 1134, 1138 (5th Cir. 1992)).

Broussard's motion seeks dismissal of Travelers' fraud claim on the basis that its amended complaint fails to allege fraud with sufficient particularity. Travelers' amended complaint alleges

10

> Broussard misrepresented facts relative to his AmEx transactions with the intent to deceive HOA, causing HOA to reasonably rely on Mr. Broussard's misrepresentations and incur a total loss of $418,691.65 as a result.[14]

This Court finds Travelers' allegations lack sufficient detail to comport with the particularity of pleading required of fraud claims under Rule 9(b). Travelers does not allege it lacks access to any evidence necessary to plead fraud with requisite specificity. Indeed this Court is inclined to believe records of alleged improper American Express charges by Broussard and subsequent efforts to conceal such charges are within the possession of HOA or Travelers. Accordingly, the Court will recommend Travelers be permitted to amend its complaint to reform its fraud allegations, after which Broussard should be permitted to renew the instant motion as it relates to such claims, if appropriate.

### V. Motion for More Definite Statement

Considering the foregoing analysis, this Court finds Broussard's motion for more definite statement should be denied based on the recommendation that an opportunity to amend be permitted in this case. As above, Broussard should also be permitted to renew his motion for more definite statement, after such amendment, if appropriate.

### Conclusion

For the reasons discussed herein, the Court recommends the motion to dismiss filed by defendant Kurt Broussard be GRANTED as to Plaintiff's claims for unjust enrichment but DENIED in all other respects. It is further recommended that Travelers be permitted a reasonable period in which to amend its complaint as to its breach of contract and fraud claims, as specified herein above. It is, finally, recommended that Defendant be permitted to renew its motions to

---

[14] Rec. Doc. 4 at ¶ 33.

dismiss and for more definite statement regarding Plaintiffs' claims of breach of contract and if, after amendment of Travelers' complaint, a sound basis for renewal of these motions exists.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

**THUS DONE** in Chambers, Lafayette, Louisiana this 23rd day of September, 2022.

_____
**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**