UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **TRAVELERS CASUALTY & SURETY CO OF AMERICA** | **CASE NO. 6:22-CV-00690** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **KARL BROUSSARD** | **MAGISTRATE JUDGE DAVID J. AYO** |

### REPORT AND RECOMMENDATION

Before the Court is defendant Karl Broussard ("Broussard")'s second motion to dismiss or for more definite statement. (Rec. Doc. 28). Plaintiff Travelers Casualty & Surety Company of America ("Travelers") opposes the motion (Rec. Doc. 32). Defendant filed a reply in support of his motion. (Rec. Doc. 33). The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636. Considering the evidence, the law, and the parties' arguments, and for the reasons explained below, the Court recommends that the motion(s) before the Court be DENIED.

### Background

Broussard was employed as the Chief Executive Officer ("CEO") of Hospice of Acadiana ("HOA") from January 1, 2016 until June 7, 2021. (Second Amended Complaint ("SAC") as Rec. Doc. 27 at ¶ 15). In October of 2020 HOA hired an in-house Chief Financial Officer ("CFO") whose duties included review of HOA's American Express credit account from 2018 until 2020. (*Id.* at ¶ 23). HOA determined that Broussard made unauthorized charges to its American Express account, charging personal expenses thereon and engaging in written and oral misrepresentations to hide the true nature of these charges. (*Id.* at ¶¶ 34-41). Broussard resigned his position with HOA on or about June 7, 2021. (*Id.* at ¶ 26).

Travelers issued a Crime Insurance Policy, No. 107254495 ("Policy") in favor of HOA, effective May 2, 2021 to May 2, 2022. (SAC at ¶¶ 10-14). HOA filed a claim against the Policy in the amount of $518,691.65, representing losses incurred as a result of Broussard's unauthorized American Express activity. (*Id.* at ¶¶ 24-25). Travelers resolved HOA's claim by payment of $508,591.65. (*Id.* at ¶ 27). In conjunction with Travelers' payment on HOA's claim, HOA executed a "Release and Assignment" in favor of Travelers transferring and assigning its "claims, rights, demands and causes of action against all persons, firms or corporations whomsoever arising out of" its claim. (*Id.* at ¶ 28).

Travelers filed the instant suit on March 11, 2022 naming Broussard as the sole defendant and seeking damages in the sum of $518,691.95 and all other legal and equitable relief available to it. (Rec. Doc. 1). Broussard filed his first motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) or for more definite statement on June 13, 2022. (Rec. Doc. 14). This Court issued its report and recommendation, recommending Broussard's first motion be granted as to claims of unjust enrichment, but denied in all other respects. Further, this Court recommended Travelers be permitted to amend its complaint as to claims for breach of contract and fraud and that Broussard be permitted to renew his motion to dismiss after such amendments, if appropriate. (Rec. Doc. 20). The Court considered the report and recommendation and objections filed and issued its judgment adopting the report and recommendation in part and, for reasons expressed in its additional ruling, declining to adopt in part. (Rec. Docs. 23, 24). Specifically, the Court found that, to the extent HOA is engaged in "trade, occupation, profession, or other commercial activity[,]" the two-year prescriptive period for actions against an officer for tortious conduct would apply. (Rec. Doc. 23 at p. 12). The Court nevertheless denied Broussard's motion to dismiss as to prescription under La. R.S. 12:1502 based on its view that Travelers' Complaint did not contain adequate factual information to establish HOA is an entity subject to prescription under

§ 1502. (*Id.*). The Court further adopted the remaining portions of the report and recommendation, dismissing Travelers' claims for unjust enrichment and ordering Travelers to amend its Complaint as to its claims of breach of contract and fraud within 21 days of the ruling and judgment. (*Id.* at p. 13). The Court noted that, to the extent Travelers' forthcoming amendment did not contain sufficient evidence to enable a determination of the applicability of § 1502 to HOA, such information should be obtained through written discovery, if possible. (*Id.* at pp. 12-13).

Travelers filed its Second Amended Complaint on February 17, 2023, asserting claims for conversion, fraud, breach of fiduciary duty, and breach of contract. (Rec. Doc. 27). Broussard's instant motion seeks dismissal of Travelers' fraud claim on the basis that, as amended, Travelers' complaint still fails to satisfy the pleading requirements applicable to fraud claims under Fed. R. Civ. P. 9(b). (Rec. Doc. 28).

### **Applicable Standard**

When considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. Rule 12(b)(6), the district court must limit itself to the contents of the pleadings, including any attachments thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). The court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). However, conclusory allegations and unwarranted deductions of fact are not accepted as true, *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)); *Collins v. Morgan Stanley*, 224 F.3d at 498. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation."

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*, 127 U.S. at 570. The allegations must be sufficient "to raise a right to relief above the speculative level," and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)). "While a complaint . . . does not need *detailed* factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations, quotation marks, and brackets omitted; emphasis added). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the plaintiff fails to allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Bell Atl.*, 127 U.S. at 570.

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678. "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atl.*, 127 U.S. at 556). *See also In Re Southern Scrap,* 541 F.3d 584, 587 (5th Cir. 2008).

Ordinarily, in ruling on a Rule 12(b)(6) motion, the Court is limited to the allegations of the complaint and any exhibits attached thereto; however, the court may also consider documents attached to the defendant's motion if they are referenced in the complaint and central to the plaintiff's claims. *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir. 2007). The Court is also permitted to take judicial notice of public records as well as facts which are not subject to reasonable dispute in that they are either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *Funk v. Stryker Corp.,* 631 F.3d 777, 783 (5th Cir. 2011).

Rule 8(a) of the Federal Rules of Civil Procedure requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Pursuant to Rule 8(a), a complaint will be deemed inadequate only if it fails to (1) provide notice of the circumstances that gave rise to the claim, or (2) set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist. *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999) (citing *General Star Indemnity, Co. v. Vesta Fire Ins. Corp.*, 173 F.3d 946, 950. (5th Cir. 1999). A motion for more definite statement, under Rule 12(e) of the Federal Rules of Civil Procedure, is appropriate "[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Thus, when a complaint is so vague or ambiguous that the defendant cannot reasonably prepare a response, the defendant is permitted to file such a motion.

Motions for a more definite statement are "generally disfavored" and are "granted sparingly." 5C Fed. Prac. & Proc. Civ. § 1377 (3d ed.). Although a party may employ Rule 12(e) to enforce the minimum requirement of Rule 8's notice pleading, Rule 12(e) is not a substitute for discovery and should not be granted when the defendant is complaining about matters that can

5

either be clarified or developed during discovery.  Indeed, "a motion for a more definite statement will not be granted where the moving party can reasonably respond to the non-movant's pleading, but wants the non-movant to plead additional information that could otherwise be later gained through discovery."  *Brown v. Maxxam, Inc.*, No. 90–1468, 1991 WL 13918, at *2 (E.D. La. Jan. 28, 1991), *affirmed*, 993 F.2d 1543 (5th Cir. 1993) (citing *Mitchell v. E-Z Way Towers*, Inc., 269 F.2d 126, 132 (5th Cir. 1959)).

When a party moves for a more definite statement, the court is afforded discretion to determine whether the complaint is such that a party cannot reasonably be required to frame a responsive pleading.  *Mitchell v. E–Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959).

## Analysis

### I. Sufficiency of Complaint as to Travelers' Fraud Claim

Travelers' suit before this Court is premised upon diversity jurisdiction.  (SAC at ¶ 3).  As a court sitting in diversity, we apply Louisiana law to determine the elements of fraud.  *Stringer v. Remington Arms Co., LLC*, 52 F.4th 660, 661-62 (5th Cir. 2022) (citing *Huss v. Gayden*, 571 F.3d 442, 449-50 (5th Cir. 2009) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)).  Louisiana Civil Code Art. 1953 defines fraud as "a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other" and may be based on "silence or inaction."

Claims of fraud are subject to heightened pleading requirements under Rule 9(b), which provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."

Interpreting Rule 9(b), the Fifth Circuit instructs that "[a]t a minimum…a plaintiff [must] set forth the 'who, what, when, where, and how' of the alleged fraud."  *U.S. ex rel. Thompson v.*

*Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997) (quoting *Williams v. WMX Tech., Inc.*, 112 F.3d 175, 179 (5th Cir. 1997)). Describing the interplay between Rules 8 and 9, the Fifth Circuit also explains that while Rule 9 is to be applied with "bite" and "without apology," Rule 9 does not supplant Rule 8's notice pleading standard, but rather requires that "simple, concise, and direct" allegations be made as to the "'circumstances constituting fraud,' which after *Twombly* must make relief plausible, not merely conceivable, when taken as true." The Court also acknowledged that, while fraud complaints must generally include " 'the time, place and contents of the false representation[], as well as the identity of the person making the misrepresentation and what the person gained thereby[,]" application of Rule 9 should be "context-specific" and may not be reduced to a "single construction." *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185-86, -88 (5th Cir. 2009) (quoting *Williams*, 112 F.3d at 178).

Where, as here, the complaint before the Court alleges a fraudulent scheme occurring over a long period of time, context is particularly important. A complaint in which the allegation of fraud contains "'[t]he basic framework, procedures, the nature of the fraudulent scheme, and the financial arrangements and inducements among the parties'" will meet Rule 9's pleading requirement. Additionally, where some of the facts pertaining to the alleged fraud are "peculiarly within the perpetrator's knowledge[,]" the failure to plead such facts will not run afoul of Rule 9's particularity requirement. *U.S. ex rel. Willard v. Humana Health Plan of Texas, Inc.*, 336 F.3d 375, 385 (5th Cir. 2003) (citing *ABC Arbitrage v. Tchuruk*, 291 F.3d 336, 350 (5th Cir. 2002).

The complaint in this case alleges that Broussard, while employed as the CEO of HOA, engaged in a scheme to defraud HOA carried out by use of his corporate American Express credit card ("corporate card"). Specifically, the complaint alleges Broussard charged more than $500,000 worth of personal expenditures to his corporate card and engaged in a variety of fraudulent activities to conceal his wrongdoing. (SAC at ¶¶ 20 – 24). The fraudulent activities

7

alleged include dividing a single purchase across various HOA ledger accounts, providing false or incomplete documentation and coding to conceal the nature of the purchases, and reporting false information to HOA's Board of Directors regarding spending and finances. (*Id.* at ¶ 22). Although not a particularly "complex" scheme, the Complaint alleges Broussard's conduct spanned the period from 2016 to 2020. (*Id.* at ¶¶ 23-24). The Complaint further alleges that Broussard "memorized the [corporate card account] number and gave it to individuals not employed by HOA." (*Id.* at ¶ 21).

    Broussard's motion argues Travelers' Second Amended Complaint remains inadequate under the Rule 9(b) standard, as it fails to plead fraudulent activity with sufficient particularity. As instructed by the Fifth Circuit in cases cited above, we examine Travelers' Second Amended Complaint in the context of the nature and scope of the fraud alleged. First, Travelers' complaint satisfies the "who" requirement, alleging the fraudulent conduct was undertaken by Broussard. Second, the complaint addresses the "what" requirement, describing in adequate detail Broussard's alleged use of the corporate card for personal expenses and subsequent fraudulent statements and writings in an effort to conceal the improper charges. Next, the complaint specifies that the alleged fraudulent conduct took place from 2016 until 2020, during Broussard's employment with HOA. The "where" component is similarly sufficiently alleged, as Broussard's alleged fraudulent statements and writings are alleged to have occurred during his employment within the State of Louisiana where HOA is located. Finally, the complaint adequately addresses the "how" of Broussard's alleged fraudulent conduct, describing Broussard's alleged inaccurate bookkeeping, documentation, coding and oral communications regarding his use of the corporate card, in an effort to conceal personal expenditures on the corporate card.

    Again, the scheme of fraudulent conduct alleged in Travelers' Second Amended Complaint is not particularly complex, as it alleges misuse of a credit card for unauthorized purposes and

fraudulent acts undertaken to conceal the misuse. The alleged scheme is lengthy in duration, however, spanning four years and as specifically alleged by Travelers, including "thousands" of allegedly improper credit card transactions. (SAC at ¶ 24). Broussard's instant motion, without expressly stating so, appears to argue that anything short of a list of each and every credit card transaction at issue and the specific fraudulent misrepresentation made to conceal it results in a complaint that fails to meet Rule 9(b)'s standard. This Court declines to interpret Rule 9(b) in such a terse manner. Rather, we find that Travelers has sufficient alleged facts in support of its fraud allegation pursuant to Rule 9(b), enabling Broussard to reasonably respond to that allegation. To be sure, discovery will focus on this information, supplying additional details that may ultimately assist in the defense of these claims. Were the Court to accept Broussard's view of Rule 9(b), we would collapse all of discovery in this case into the pleadings. We are convinced this is not Rule 9(b)'s purpose. For these reasons, this Court will recommend Broussard's second motion to dismiss Travelers' claims for failure to plead fraud with particularity under Rule 9(b) be denied. For the same reasons, this Court will also recommend Broussard's motion for more definite statement be denied.

Finally, this Court notes that Broussard's motion seeks additional information in an attempt to determine whether Travelers' claims may be prescribed in whole or in part by application of La. R.S. 12:1502. As explained by Judge Summerhays in the Court's ruling on that issue, § 1502 would apply if evidence shows HOA is "engaged in some form of 'trade, occupation, profession, or other commercial activity." (Rec. Doc. 23 at p. 12). Broussard's motion does not suggest such a finding may yet be made. Our review of Travelers' Second Amended Complaint reveals no additional information relevant to that analysis. Accordingly, this Court does not make any further recommendation on the issue of prescription at this time.

## Conclusion

For the reasons discussed herein, this Court recommends the instant motion to dismiss filed by defendant Karl Broussard be **DENIED**. (Rec. Doc. 28). This Court further recommends Broussard's incorporated motion for more definite statement be **DENIED**. (*Id.*).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

**THUS DONE** in Chambers, Lafayette, Louisiana on this 10th day of July, 2023.

_____
**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**